IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| WILLIAM LEONEL HAYES, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 5:20-CV-125-H-BQ |
| DAVID B. MULL, *et al.*, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order No. 3-251*, this pro se case was automatically referred for case management. ECF No. 2. For the reasons set forth below, the undersigned recommends that the District Judge dismiss this action for want of prosecution.

**I.    Procedural History and Background**

Pro se Plaintiff William Leonel Hayes filed this action on June 8, 2020. ECF No. 1. He did not, however, pay the $400 filing fee or file a signed Application to Proceed *In Forma Pauperis*. As such, the Court entered a Deficiency Order on June 10, 2020, requiring Hayes to submit either a signed Application to Proceed *In Forma Pauperis* or pay the filing fee within fourteen days of the order's entry. ECF No. 4. The Court admonished Hayes that if he did not comply with the order, the undersigned would recommend dismissal of his Complaint for want of prosecution. *Id.* On June 30, the Court received notification that the Deficiency Order, as well as other orders of the Court, were undeliverable, could not be forwarded, and were returned to sender.[1] ECF Nos. 5, 6.

---

[1] Upon investigation of the address Hayes provided, it appears to belong to an entity called the "Murphy Center for Hope," which provides services for homeless persons in Fort Collins, Colorado. *See Murphy Center: We Are Stronger Together*, Murphy Center for Hope, http://www.murphycenter.org (last visited July 1, 2020).

1

## II. Involuntary Dismissal

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630–31).

To date, Plaintiff has not responded to the Court's June 10 Order and the Court has no address to which it can mail the orders to seek compliance. Plaintiff has neither paid the filing fee nor obtained *in forma pauperis* status, and the case cannot proceed until he does so. Further, Hayes's failure to provide a valid address or a forwarding address thwarts the Court's ability to review the case in the future either through setting an evidentiary hearing (*Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985)) or sending a questionnaire. In this posture, a court is basically at the mercy of a litigant who refuses to provide an updated address, thereby preventing the court from effectively communicating in any way with the party concerning his failure to act. Pro se litigants cannot hold a court's docket hostage by refusing to comply with specific orders designed to allow the court to timely and efficiently manage its docket. Accordingly, dismissal without prejudice is warranted in this case. *See, e.g., Williams v. Dr Pepper Snapple Grp.*, Civil Action No. 3:19-cv-3144-C-BK (N.D. Tex. Feb. 13, 2019) (adopting recommendation that action be dismissed without prejudice for failure to submit required *in forma pauperis* materials and failure to comply with a court order); *Baylor v. Bailey, Perrin, Bailey*, Civil Action No. 3:18-cv-052-C-BH (N.D. Tex. Apr. 27, 2018) (accepting magistrate judge's recommendation that case be

dismissed without prejudice for plaintiff's failure to supply required *in forma pauperis* materials and comply with court order).

### III. Recommendation

The undersigned recommends that this case be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) because Plaintiff has neither paid the $400 filing fee nor filed a signed Application to Proceed *In Forma Pauperis* and has not provided the Court with a valid address to which orders can be sent or he can be contacted.

### IV. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: August 3, 2020.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE